Nott, J.,
delivered the opinion of the court:
This is ah action, consisting of four eases consolidated into one, founded upon quartermaster vouchers, and seeking to recover for the use of the claimant Fendery, as assignee, $14,240 66; for the use of the claimants, Osborne and Fendery, assignees, $1,830 30; for the use of the claimant Osborne alone, $1,720 06; for the use of the claimant Higinbotham $1,545 35; amounting in the aggregate to $-19,336. 37.
-The respective parties in interest for whom this suit is prosecuted originally brought their several actions against the defendants. Those actions were founded on two contracts, or, so far as the legal questions in the case are involved, on one and the same contract. Quartermaster vouchers had been issued to a contractor from time to- time as he made deliveries under his contract, These vouchers he sold and transferred to various parties. Some of those parties allege a balance dee upon their vouchers. Under the construction which this court gave to the Act2QthFebnary, 1853, (10.Stat. L., p. n0,),müie Floyd Acceptance *28 Case, (1 O. Ols. B., p. 270,) and again in Cote's Case, (3 id., p. 04,) such transfers and assignments are void. Therefore the claimants brought their actions in the name of their assignor, the contractor. It was next doubted whether several actions for money due on a single contract could be maintained by the contractor, though for the use of different parties in interest. Therefore the claimants moved to consolidate their several cases into one case, to be prosecuted by the contractor Crowell, for the use of the different parties respectively. The court allowed the motion, and the four cases are now merged in one.
This single consolidated case has been brought to trial and submitted upon the merits. Under the decision of this court in Gyrus Shaiv’s Case, (5 C. Cls. It., p. 722,) we entertain no' doubt as to the claimants’ right to recover. But after a laborious examination of a long, involved, and intricate reeord, made up largely of obscure vouchers and other documentary evidence, we find that as regards the respective interests of the several parties for whose use the suit is prosecuted, the evidence does not enable us to reach an intelligent conclusion.
It being established first that the contractor would be entitled to recover if he had no.t parted with his chose in action, it remains for those claiming under him to establish the transfer to themselves, and the nature and extent of their respective rights. For when a judgment is recovered in such an action, it is paid by the Treasury, not to the nominal claimant, but to the real party in interest.
Possession may ordinarily evidence the transfer. But here the parties in interest have not 'actual possession of the vouchers; for the vouchers were in part allowed and paid, and surrendered to the Treasury, this action being merely to recover a balance remaining unpaid on each. Neither were the vouchers transferred by indorsement, nor by formal assignment, nor by any designation which (with three or four exceptions) will enable the court to identify and marshal them where they respectively belong. With regard to the party Higinbotham, there is no evidence whatever to establish his alleged ownership of any vouchers. And the court finds, though the fact was not disclosed on the trial, that there were vouchers issued w-hich are not claimed or represented by any party before the court.
It is therefore apparent that justice cannot be done to the . real parties in interest as the case now stands.
*29 The right of the nominal claimant to recover being established, and all contested questions adjudged in his favor, and nothing being wanting save evidence to enable the court to determine the precise amount of the judgment, the case is analogous to a suit in chancery, which would be sent to a master to take proofs as to the amount of the indebtedness, &c., &c., or to an action at law, where the court would allow a juror to be withdrawn, or direct a judgment of nonsuit. There is no reason why this court should show less liberality than others in furtherance of justice •, and there are at least two important reasons why this court should somewhat exceed in this regard the practice which prevails in others.
First, in the Court of Claims the defendants, like the claimants, are to be regarded as ever seeking an adjudication upon the merits. The government, by consenting to be sued, waives the technical defences and advantages by which ordinary defendants frequently seek to delay or elude an adjudication upon the merits. If the'government wished merely to defeat those who prosecute it in this tribunal, it would have an absolute defence at hand in simply refusing to be sued. It is-in fact, as in law, to be sued only with its own consent,
Secondly, in the Court of Claims no costs are awarded to either party. There are, therefore, classes of oases in which the government has not the interest in a recovery of an ordinary defendant. He frequently should have judgment not necessarily final, for he would then take costs $ but the government in such cases would take nothing, and such a judgment would he hut a form.
This court has undoubtedly exercised great liberality in remanding cases to the docket; but it has never, that I am aware of, remanded a case to the docket where there has been a conflict of testimony, in order that one party or the other might make his side of th e ease appear the plainer. But it has exercised this power always in those cases where an ordinary court at nisi prim would withdraw a juror. Not always has this been done actually at the trial, unless the trial be considered as continuing into the deliberations of 'the conference-room. In a court constituted like this, having to determine the law and to find the facts, and having moreover no witnesses before it, but evidence taken by deposition and reduced to writing, a hasty decision at bar would be needless and foolish. Neither party *30 can possibly lose anything by having more deliberation awarded to the preliminary questions of the case than could be awarded at nisiprius. Danold’s Case (5 0. Ols. K., p. 65) is an illustration. It was a question upon which party might rest the onusprdbandi to establish a certain fact, viz, the ratification or disavowal of a certain contract. The counsel for the claimant relied, as he reasonably might, upon a presumption that would have existed if the transaction had been between two men. The court did not think that this presumption could be turned against the government as against an individual, and held that the burden of proof was upon the claimant. “Believing,” the court then says, “that this proof can be readily supplied, and thinking that the claimant cannot justly be held to have anticipated its necessity, the case will be remanded to the general docket for further proof on this point.-'’
The court has also exercised this power generally in those cases in which an ordinary plaintiff', in an ordinary court of law, would suffer nonsuit. For in cases where the judgment would be simply nonsuit, the judgment would not be final to both. The claimants would have the right to bring tlieir second action, on similar pleadings, and would be subjected to the needless cost of retaking the same testimony, and retracing the same steps. The defendants would recover nothing by way of costs, and, like the claimants, would be put to the trouble and expense of again preparing their defence.
The conclusion that we draw from these views is, that the petition in this case should not be dismissed for the defect of proof in this particular. At the same time we think that a claimant should not be allowed to lightly submit his case on imperfect proof, subjecting the court to needless labor, and imposing upon the defendants the burdens of two trials instead of one. The unproved parts of the case relate only to the respective interests of those seeking their rights in this court, and but little affect the defendants. It is adjudged that they are liable to some one to the full extent of the balances -withheld ; it is not fully shown how much they owe to each of the parties who hold the vouchers.
The case will, therefore, be referred to Enoch Totten, esq., a counsellor of this court, to take proof as to the rights and interests of the respective parties for whose use and benefit this action is prosecuted, and of the amount of vouchers described *31 in tlie petitions beltl and'owned by each of said parties: and judgment in this case will be suspended until the coming in and confirmation of such report. The cost of such reference to be borne by the claimant.