Drake, Ch. J.,
delivered the opinion of the court:
Before proceeding to express the views of the court upon the merits of this case, we Avill dispose of a motion made in it by the claimant.
After the court had found the facts and filed its finding, the claimant, complaining that “great and irreparable injustice” would be done him if we should proceed to render judgment on that finding, filed a motion to have the case remanded to the general docket, to enable him to prove the facts to which we hereinafter adArnrt, as necessary to his recovery, and Avhich, in said motion, his counsel said he hoped to be able to prove, if opportunity should be given for that purpose.
This court has always shown liberality toward claimants in remanding cases after trial and submission, where it seemed that the ends of substantial justice would thereby be subserved. In Crowell's Case (6 C. Cls. R., 23), the action of the court, in so remanding a case, was considered to be analogous to the withdrawal of a juror in a case before a nisi prius court, and to the case, in such court, of a plaintiff’s suffering a* nonsuit; but that is not the position here.
*188 This suit was brought in 1870. More than three years ago it was tried, and upon the facts as then found the claimant could not have recovered. Before judgment was rendered he moved, as now, to remand the case, and give him opportunity to produce further evidence. Erring, if at all, on the side of leniency, we granted the motion. After the lapse of three years he goes to trial again, with a large amount of new evidence on both sides, and with every point strenuously contested ; but, as will presently appear, his proofs were again fatally deficient. He seems not to have discovered this until after the finding of facts was filed, when he again requests that the case be remanded.
If we should grant this second request, why might we not do so a third, fourth, or fifth time? Manifestly there must be a limit to indulgence to claimants in this respect, and we think it should be interposed here. The claimant might, before the case was submitted, have had it remanded; and after submission, and before the finding of facts was filed, we Avould not probably have seriously objected to that course; but when a second trial has been had on conflicting evidence, and the court has passed upon the whole case, and found the facts, and filed its finding in the nature of a special verdict, we know of no principle of law which would authorize us, on the motion of one party, such as that now before us, to undo all that has been done and reopen the case for further contest. The motion to remand must therefore be overruled.
We will now proceed to dispose of the questions arising upon the facts as found.
This action is based upon a written contract between the claimant and the defendants for the transportation of supplies by the former from Fort Leavenworth to Forts Zarah, Larned, Lyon, and Union, in which contract this stipulation is found:
“Transportation to be paid in all cases according to the actual distance traveled from the place of departure to that of delivery; the distance to be indorsed on the bill of lading by the officer or agent receiving the supplies.”
The whole controversy is connected with this stipulation; the claimant contending that the actual distance traveled by his trains in transporting the supplies from Leavenworth to Zarah, from Leavenworth to Larned, from Leavenworth to Lyon, and from Leavenworth to Union, was, in each case, greater than that for which he was paid.
*189 This is found by tbe court to be true as to tbe road from Leavenworth to Riley, and also as to that from Leavenworth to Zarah; and, consequently, were that the whole case, the claimant would be entitled to recover additional. compensation for the transportation of 2,232,281 pounds for 3 miles over the former, amounting to $1,372.85, and of 629,929 pounds for 7 miles over the latter, amounting to $903.94.
This result is arrived at without difficulty, because there was but one route from Leavenworth to Riley and but one from Leavenworth to Zarah, and each of them has been subjected to actual chain measurement. In regard, however, to all the transportation done west of Zarah, other results ensue, because, as to supplies intended for Lamed, Lyon,' and Union, there were two roads west of Zarah, one longer and the other shorter than the distance for which the claimant was paid; and some of his trains went by one and some by the other; but what quantity of supplies went by either has not been found by the court, simply because it was not proved. In the argument, the claimant’s counsel asked the court to presume that all of his trains went by the longer road, because some of them did so; but no such presumption could be based upon that fact, particularly when the petition avers that the greater distances claimed for “were the actual distances traveled by the shortest customary traveled routes.” Against that allegation we are not to presume that the “ actual distances traveled” were by the longer of two routes. That was a fundamental and indispensable fact to be proved, and without proof of it the claimant could not be considered entitled to more than was paid him. But even on the supposition that trains for Lamed, Lyon, and Union traveled greater distances than those paid for to those points respectively, no judgment could be rendered in favor, of the claimant, for his case does not disclose what number of pounds of supplies traveled that greater distance; and in the absence of proof of that fact, it was clearly impossible to find that any more was due him than he received.
The remaining point to be considered grows out of the defendant’s counter-claim, under which it is sought to recover from the claimant a large sum of money for alleged overpayment to him on stores transported to Fort Union. For all stores so transported he was paid on the basis of a distance of 735 miles, which is that by the Raton route; when the court finds that a *190 considerable part of them (but bow mncb is not found) went by tbe Cimarron route, tbe distance by wbicb was 65 miles less than by tbe Raton route. Tbe fact of overpayment is therefore clear. But upon wbat quantity was it made 1 Tbe facts found do not enable us to say, for tbe evidence did not justify it. We found that a portion of tbe claimant’s trains went by tbe Cimar-ron route; and we found that- only 37 trains, carrying 3,658,955 pounds, appeared to bave gone by tbe Raton route; but we did not find that all tbe rest went by tbe Cimarron route, nor wbat quantity did so. While, therefore, it is quite certain that tbe claimant was paid for too great a distance on whatever went by the Cimarron route, we can base no judgment on that fact alone, for tbe quantity on wbicb be was so paid does not appear. There can, therefore, be no recovery by tbe defendants under the counter-claim.
If there is not enough before tbe court to enable it to render any judgment against tbe claimant on tbe counter-claim, there is yet enough to satisfy us that tbe amount overpaid the claimant fully equals, perhaps largely exceeds, any claim for additional distance traveled by bis trains between Leavenworth and Riley and between Leavenworth and Zarah; and we therefore believe that tbe ends of substantial justice will be attained if we leave tbe parties as they were before this suit was brought.
Tbe judgment of tbe court, therefore, is that tbe claimant’s petition and tbe defendants’ counter-claim be both dismissed.