(No. 1650—

ILLINOIS STEEL BRIDGE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 14, 1932.*

DOYLE, SAMPSON & GIFFIN, C. TERRY LINDER, AND ALFRED F. NEWKIRK, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On October 25, 1926, claimant entered into a contract with the State to construct the superstructure of a steel bridge over the Illinois River near the City of LaSalle. On the 23rd of October the State had contracted with Stresenreuter Bros. to construct the substructure or piers of the same bridge. The contract for the piers provided that they should be completed within 13 months after notice to begin work had been given the contractor and the contract with claimant that its contract should be completed within 20 months after such notice had been given to it. At the time claimant entered into the contract for the erection of the superstructure of the bridge it knew of the contract for the construction of the piers by Stresenreuter Bros.

Claimants' bid for the superstructure was $204,775.06 and the contract was awarded to it at that price. It was paid for the work, including some additions and extras, $205,935.36. The final estimate was approved on January 28, 1930, and a warrant for the balance then due claimant under the contract for the sum of $20,625.79 was delivered to and accepted by claimant on January 30, 1930.

On September 10, 1930, this suit was filed in which claimant is asking for additional compensation in the sum of $20,089.54. This sum is made up of various items which the declaration alleges "were lost to the claimant herein in and about the erection of the steel superstructure for said bridge under its contract aforesaid by reason of the failure of said Stresenreuter Bros. to erect and complete the substructure or piers for said bridge within the time limited by its contract and by reason of the failure of said State by and through said department to compel the same to be done."

In the view we take of the case it is not necessary to discuss the evidence relative to the various items constituting the claim. The plans and specifications for the work to be performed by claimant are a part of its contract and it is bound by their provisions. One of these provisions is as

follows: "The contractor shall assume all liability, financial or otherwise, and shall protect and save harmless the department from any and all damages or claims which may arise because of inconvenience, delay, or loss experienced by him because of the presence and operations of other contractors on the same project." This claim is based solely upon the delay of Stresenreuters Bros. in the construction of the piers. Their failure to have the piers in condition to receive the superstructure is the alleged cause of all the damages claimant charges is suffered. This clause of the contract specifically provides that the State shall not be liable for any damages so caused, and is a complete bar to the claimant's demand.

Another provision of the contract is: "The contractor shall receive and accept the compensation here provided in full payment for furnishing all materials, labor, tools, and equipment; for performing all work contemplated and embraced under the contract; for all loss or damage arising out of the nature of the work or from the action of the elements; for any unforseen difficulties or obstructions which may arise or be encountered during the prosecution of the work until its final acceptance by the Engineer; for all risks of every description connected with the prosecution of the work; also, for all expenses incurred by or in consequence of suspension or discontinuance of said prosecution of the work as herein specified, or for any infringement of patents, trademarks, or copyrights and for completing the work in an acceptable manner according to the plans and specifications." Then there is this further provision: "The acceptance by the contractor of the last payment as aforesaid shall operate as and shall be a release to the department from all claims or liability under this contract for anything done or furnished or relating to the work under this contract, or for any act or neglect of said department relating to or connected with this contract." These provisions of the contract are broad and comprehensive, and they effectually bar claimant from any demand for loss suffered on account of any negligence of agents of the State. If as claimant contends the employees of the Department of Public Works and Buildings negligently failed to require Stresenreuter Bros. to complete the substructure of the bridge within the time provided in

their contract and such failure caused the loss for which this suit is filed, these provisions specifically release the State from payment of such loss. It may be the provisions are harsh, but with that we are not concerned. Claimant knew these provisions would be in its contract when it submitted its proposal or bid. When the work was awarded to it claimant executed the contract containing these provisions.

The contract establishes the rights and the liabilities of the parties thereto, and this court has no power to change or modify its terms. "The law permits parties competent to contract and free to do so, in the exercise of their judgment, to make their own contracts, and the proper function of courts is to enforce such contracts as made, where they do not conflict with any rule of law or good morals or the declared public policy of the State. When the intention of the parties to a contract is ascertained it is the duty of the courts to carry it out, and they cannot properly assume a guardianship over those who have the requisite capacity and are free to make such contracts as they choose." (*Parker-Washington Co.* vs. *Chicago,* 267 Ill. 136.) It is clearly manifest that the purpose of these provisions of the contract was to limit the compensation which claimant should receive to the contract price and to bar it from any claim to extra compensation.

It is not contended that claimant has not been paid the full contract price for the work. But extra compensation is asked because of additional expense alleged to have been incurred on account of the delay in the construction of the piers. Section 9 of Article 4 of the Constitution provides that "the General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contract, after service has been rendered or a contract made" etc. "Extra compensation is a payment or allowance in excess of that which was fixed by law or contract when the services were rendered." (*Porter* vs. *Loehr,* 332 Ill. 353.) The language of this provision is clear and unambiguous and its purpose cannot be misunderstood. (*Fergus* vs. *Brady,* 277 Ill. 272.) We have held in a number of cases that it was adopted by the people to protect themselves from the evils likely to arise from claims such as this one, and that it is mandatory and binding upon the legislature and the courts. (*Conway* vs. *State,* 6 Ct. Cl. 363; *Hall Construction Co.* vs.

*State,* 6 Ct. Cl. 326; *Anderson, et al* vs. *State,* 6 Ct. Cl. 318; *Paschen* vs. *State,* 6 Ct. Cl. 23.)

It follows that the award asked cannot be allowed. The claim is therefore denied and the case dismissed.