### CHARLES PEINE

### *v.*

### WENDELIN WEBER.

1. CONTRACTS—*sealed contract executed by one partner—relating to the firm business—without authority under seal—when binding on the other partners.* A sealed contract, executed by one of several partners for the firm, but without authority under seal, if made for the benefit of the firm, and relating to partnership business, is bindinig on all the partners, if they assent thereto, and such assent may be given

6—47TH ILL.

at the time, or subsequently ; and may be proved by acts and circumstances, or by their verbal declarations and admissions.

2. SAME—*fixing a stated sum in, as liquidated damages—how regarded.* Where a contract contains a provision, fixing a stated sum as liquidated damages, to be paid in event of a breach thereof, the question, whether such stipulated sum is to be regarded merely as a penalty, must, in every case, depend on its own peculiar and attendant circumstances.

3. SAME—*intention of parties must govern.* And, in such case, as in all other cases of contract, the intention of the parties must govern as to its construction.

4. SAME—*when sum stipulated will be regarded as a penalty.* It is only in cases, where, from the whole contract, it appears that the sum fixed as liquidated damages, was intended by the parties as a penalty merely, as where a specific pecuniary payment is secured by a larger sum, that such fixed sum will be declared a penalty.

5. SAME—*when will be considered as the measure of damages.* But where such provision has reference only to uncertain damages, and the facts show that serious damage might have occurred, and to avoid which, the contracting parties, with full knowledge, and in good faith, inserted such stipulation in their contract, the sum thereby fixed, furnishes the only measure of damages.

APPEAL from the Circuit Court of Adams county ; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of debt on a lease, brought by the appellee, against the appellant and one August Scheineman, to the April term, A. D., 1867, of the Adams Circuit Court. The facts in the case are fully presented in the opinion.

Messrs. GRIMSHAW & WILLIAMS, for the appellant.

Messrs. WARREN & WHEAT, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Two points are made by appellant on this record : First, the non-execution of the lease by him ; and, second, that the clause in the lease upon which the plaintiff recovered, did not justify the recovery.

That clause is as follows: " And, in case the said parties of the second part, fail to deliver possession of the premises hereby demised, to the said Weber, or his legal representatives, on the 2nd day of June, 1866, then they hereby agree to pay to said Weber, or his legal representatives, the sum of five hundred dollars, as fixed, settled, computed and liquidated damages."

The declaration was in debt, containing four counts. The second and third being adjudged faulty, the recovery was had on the first and fourth counts.

The first sets out the lease *in hæc verba*, avers the entry of defendants under the lease, and assigns for breach, that they did not deliver the premises to the plaintiff, on the day specified.

The fourth count alleges that plaintiff had leased the premises of one Dutcher, for five years from the first day of July, 1861, and, by the terms of the lease, he had the right, at his own expense, to repair and alter the buildings upon the premises, and had the right to remove from the premises, any and all additions or improvements he might make during his term, provided he left the premises in as good condition as they were at the commencement of his term, and then avers that he had made improvements, at an expense of two thousand dollars, the greater part of which he had a right to remove, and which he intended to remove, before the end of his term, which the defendants well knew when they took their lease.

The plea was *non est factum*, sworn to.

There is no proof that Peine, the appellant, actually, with his own hand and pen, signed the lease. The facts in regard to its execution are briefly these: Before the lease was executed, Peine and Scheineman were partners, doing business on the premises as saloon keepers, under the name of " Peine & Scheineman," and it was agreed by all the parties, plaintiff and defendants, the day before the lease was signed, that it should contain the provisions and covenants contained

in it. It was prepared by filling up a printed form, having the usual printed scroll, or L. S., in the place proper for the signatures. When it was thus prepared, and just before its execution, it was shown to Peine, and, as the evidence tends strongly to show, he, with a full knowledge of all the provisions contained in it, directed Scheineman, his partner, to go with the lessor, the plaintiff, to the attorney's office with it, and sign, it on behalf of himself and Scheineman. He, Scheineman, immediately went with the lessor to the office, and signed the lease, as it appeared on the trial, "Peine and Scheineman," opposite the proper scroll or place for a seal, after the lessor had signed it, by putting his name opposite the first scroll. The lease was made for the benefit of the firm, and to enable them to carry on their partnership business. About a month thereafter, Scheineman quit the concern, leaving Peine in full possession of the premises, who occupied them during the whole term for which they were demised, paying the rent regularly as it accrued. Failing to deliver possession to his lessor at the end of the term, this suit was brought, and Schineman was defaulted.

Appellant insists these facts show only a parol authority to execute the lease by Peine to Scheineman; that, being a sealed instrument, the power to execute it, must be of as high a nature as the deed itself, and executed with equal solemnity.

This was, certainly, the old doctrine on the subject, but even then, exceptions were recognized, as where the agent or attorney affixed the seal of the principal, in his presence, and by his direction. *Maus* v. *Worthing*, 3 Scam., 26.

An examination of text books and of later adjudged cases on the subject, will show a steady and progressive relaxation of this rule, and it may now be said to have become antiquated.

The rule is now well established, that one partner is bound by a deed executed on behalf of the firm by his co-partners, if for the benefit of the firm, and in relation to the partnership

business, provided there was a proper parol authority given, or a subsequent ratification or parol adoption of the act by the other partners. This is distinctly stated in 2 Kent's Com. 47–48, and is fully supported by the cases referred to by appellee. In one of them, *Smith et al. v. Kerr et al.* 3 Comst. 144, the doctrine is broadly announced, that a sealed contract relating to partnership business, executed by one of several partners for the firm, without authority under seal, is binding on all the partners, if they assent to it, and such assent may be given at the time or subsequently. Such was the rule in England. *Ball* v. *Demsterville*, 4 Term Rep. 313; *Williams* v. *Walsby*, 4 Esp. Nisi Prius, 220; *Bratton* v. *Burton*, 1 Chitty R. 707, and is now the modern rule in this country. *Skinner* v. *Dayton*, 19 Johns. 513; *Cady* v. *Shepherd et al.*, 11 Pick. 400; *Swan* v. *Stedman*, 4 Met. 548; *Mackay et al.* v. *Bloodgood*, 9 Johns. 284; *Pike* v. *Bacon*, 21 Maine, 280; *McDonald* v. *Eggleston*, 26 Vermont, 154; *Bond* v. *Aitkin*, 6 Watts and Serg. 165; *Drumight et al.* v. *Philpot*, 16 Georgia, 424. This case holds that a prior authority, or a subsequent ratification, not under seal, either express or implied, verbal or written, is sufficient to establish a deed executed by one partner as the deed of the firm, and binding upon it as such.

The doctrine in Tennessee conforms to the old and strict rule. *Forbeville* v. *Ryan*, 1 Humph. 113; *Smith* v. *Dickinson*, 6 ib. 261, and the same appears to be held in New Jersey. *Tappan* v. *Redfield*, 1 Halst. Ch. 339, cited by appellant.

We think it may be safely said the modern rule is, that one partner may, in furtherance of the partnership business, and for its benefit, execute a deed under seal, which will be binding on the other, if he has foreknowledge, or subsequently ratifies it, and this may be proved by acts and circumstances, or by his verbal declarations and admissions.

The question, then, whether Peine directed Scheineman to execute this lease, knowing its contents, or subsequently

ratified it, was properly left to the jury, under instructions, and their finding is satisfactory.

The remaining point is free from difficulty.

Appellant admits the authorities are conflicting as to how such words are to be regarded in a contract as are here used ; whether they are to be held strictly as liquidated damages, to be recovered at all events, or as merely a penalty, and the damages to be graduated within the penalty. As is said by counsel, some of the authorities regard the effort to fix a stated sum as liquidated damages, as either an effort, in that form, to evade the usury laws, or to get a large sum for the nominal breach of a contract; and where the usury laws are not in question, and no actual damage was shown, the same is treated as a penalty.

These, and all other authorities, show that each case must depend on its own peculiar and attendant circumstances. It is not denied, it is entirely competent so to contract, and the facts proved in this case, show it was one peculiarly fitted for such a stipulation.

The lessor of the defendants was but a lessee himself, under stipulations to surrender the possession on a certain day. He had authority from his lessor to put additions and improvements on the premises, all which he had a right to remove at the end of his term. How natural and proper, then, was it for him to stipulate with his lessees that they should leave the premises one month before his own term expired, in order that he might have sufficient time to remove his improvements, and thus escape a forfeiture to his lessor. A failure to give this lessor such an opportunity, by refusing to surrender on the day, might have involved him in great loss and embarrassment—greater even than the amount stipulated—and to avoid controversy on that point, they all agreed that five hundred dollars should be the measure of all losses and damage he could, in any wise, sustain by their non-performance at the day. We see nothing oppressive or unreasonable in

this, and consider it a fair case for liquidated damages. Sedg. on the Measure of Damages, 420 to 448.

The intention of the parties in such, as in all other cases of contract, must govern as to its construction. Courts have considered a stipulated sum as a penalty merely, for the reason that, from the whole contract, it appeared such must have been the real meaning of the contracting parties, as where a specific pecuniary payment is secured by a larger sum. But when such a provision has reference only to uncertain damages, and the case shows serious damage might have been incurred, as, in this case, and no fraud has been used in procuring the stipulation to be inserted in the contract, it becomes a matter with which courts cannot interfere, and furnishes the only measure of damages. *Lowe* v. *Perrs*, 4 Burrow, 2225. Unless there is good ground for it, a court cannot declare a stipulated sum, which the parties themselves have said shall be the amount of damages, to be a penalty merely.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*