STEPHEN PINKNEY

*v.*

J. D. WEAVER.

*Opinion filed June 23, 1905.*

1. DEEDS—*interest which does not vest by deed remains in the grantor.* All interest in the title to land which the grantor possessed and which did not vest in some other person by the deed remains in the grantor and his heirs in analogy to the rule as applied to wills, which, since the abolishment of the livery of seizin, is also applicable to deeds.

2. SAME—*effect where deed creates remainder in person unborn.* Where a deed creates a life estate with remainder in fee to vest contingently in unborn children of the life tenant, the fee to revert to the grantor if the contingency does not occur, the contingent interest remains in the grantor and his heirs subject to its being divested by the happening of the contingency, and does not remain in abeyance. (Inconsistent expressions in *Frazer* v. *Supervisors,* 74 Ill. 282, criticised.)

3. LIMITATIONS—*when payments operate to toll the Statute of Limitations.* Payments of interest on an over-due mortgage, by the person owning the life estate and the reversionary interest in the mortgaged premises, operate to arrest the running of the Statute of Limitations, both as to the life estate and the reversionary estate, even though the latter is subject to divestment upon the happening of a contingency, provided that at the time the payments were made the contingency had not happened.

4. CONTRACTS—*when amount to be forfeited for breach is properly treated as liquidated damages.* The amount expressly stated in a contract for the sale of land to be retained by the vendor as liquidated damages upon breach of the contract by the vendee is properly treated as liquidated damages rather than as a penalty, where there is no fraud or circumvention and nothing to indicate that the amount is unconscionable or disproportionate to the actual damages sustained.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

PINKNEY & McROBERTS, for appellant:

A conveyance of land to one for life and his or her bodily heirs creates in such person a life estate only, with contingent remainder in fee to his or her bodily heirs. Conveyance act, chap. 30, sec. 6; *Seymour* v. *Bowles,* 172 Ill. 521; *Lewis* v. *Pleasants,* 143 id. 271; *Dinwiddie* v. *Self,* 145 id. 290; *Griswold* v. *Hicks,* 132 id. 494; *Summers* v. *Smith,* 127 id. 645; *Lehndorf* v. *Cope,* 122 id. 317; *Cooper* v. *Cooper,* 76 id. 57; *Blair* v. *Vanblarcum,* 71 id. 290.

A conveyance to one of an estate for life with remainder over to his or her bodily heirs, and on failure of such heirs to the heirs of the grantors, creates a fee of a double aspect, and when issue is born to the tenant for life the fee at once vests in such issue and the limitation over to the heirs of the grantor at once becomes void. *Chapin* v. *Nott,* 203 Ill. 341; *Ludington* v. *Kime,* 5 Ld. Raym. 203.

Contingent remainders limited out of an equity of redemption need no particular estate to support them and are unaffected by the failure or destruction of the preceding limitations, since the outstanding legal estate in the mortgagee is sufficient to sustain them. 24 Am. & Eng. Ency. of Law, 402; *Astley* v. *Mickelwait,* 15 Ch. Div. 59; 1 Fearne on Remainders, (10th ed.) 304, 305.

If there be a tenant for life with contingent remainder thereupon depending, a bargain and sale by him will not destroy the contingent remainder. 1 Fearne on Remainders, 320, 321.

The right to bring an action for the recovery of land by one claiming by force of any remainder does not accrue to such person until the expiration of the precedent estate by its own limitation, notwithstanding any forfeiture thereof for which the remainder-man might have entered at an earlier date. *Borders* v. *Hodges,* 154 Ill. 498; *Beattie* v. *Whipple,* 154 id. 273; *Higgins* v. *Crosby,* 40 id. 260.

The statute does not begin to run against the remainder-man until the right of entry accrues. *Turner* v. *Hause,* 199

Ill. 465; *Peterson* v. *Jackson,* 196 id. 40; *Beattie* v. *Whipple,* 154 id. 273; *Orthwein* v. *Thomas,* 127 id. 568; *Higgins* v. *Crosby,* 40 id. 260; *Shortall* v. *Hinckley,* 31 id. 219.

Payment by the life tenant of the interest on the mortgage does not arrest the running of the statute as to the owners of the fee, or extend the period provided by statute within which the mortgagee might bring his action to foreclose. *Insurance Co.* v. *McNeeley,* 166 Ill. 540.

When a debt secured by mortgage becomes barred by the Statute of Limitations, the mortgagee's title to the premises conveyed by the mortgage is extinguished and the mortgagor's title is freed from the title of the mortgagee, and he becomes the owner of the title he formerly had. *Lightcap* v. *Bradley,* 186 Ill. 510; *Barrett* v. *Hinckley,* 124 id. 32; *Bradley* v. *Lightcap,* 202 id. 154; *Gibson* v. *Rees,* 50 id. 383; *Pollock* v. *Maison,* 41 id. 516; *Harris* v. *Mills,* 28 id. 44.

A failure to interpose the bar of the statute for infant defendants, where a decree has been rendered against such defendants that could not have been done had such plea been interposed, entitles such infant defendants to the right to file their bill to impeach such decree for fraud or for error appearing on the face of the record. *Kuchenbeiser* v. *Beckert,* 41 Ill. 172; *Loyd* v. *Malone,* 23 id. 41; Mitford's Pl. 113.

STEVENS & HORTON, for appellee:

Minors have no greater right of redemption from foreclosure sale than adults. *Henderson* v. *Craig,* 179 Ill. 395.

The limitation for bringing an act of foreclosure begins from the time of the last payment upon the note. *Schifferstein* v. *Allison,* 123 Ill. 662; *Sennott* v. *Horner,* 30 id. 429; *Norton* v. *Colby,* 52 id. 202; *Kallenbach* v. *Dickinson,* 100 id. 427.

Payment of interest by a person having unquestioned authority on an indebtedness otherwise barred will bind those whom he represents and take the indebtedness out of the Statute of Limitations. *Waughop* v. *Bartlett,* 165 Ill. 124.

So long as the mortgage indebtedness exists as an obligation of the mortgagor the mortgage may be, foreclosed against him or his grantees. *Richey* v. *Sinclair,* 167 Ill. 184; *Emory* v. *Keighan,* 88 id. 482; *Pollock* v. *Maison,* 41 id. 517.

Appellee has a right to·retain the $300 as agreed and liquidated damages. *Gobble* v. *Linder,* 76 Ill. 157; *Boyce* v. *Watson,* 52 Ill. App. 361; *Burk* v. *Dunn,* 55 id. 25; *Poppers* v. *Meagher,* 148 Ill. 192; *Heisen* v. *Westfall,* 86 Ill. App. 576; *Perkins* v. *Lyman,* 86 Mass. 76.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant brought an action in assumpsit against the appellee to recover the sum of $300. The case was submitted to the court without the intervention of a jury, upon a stipulated state of facts. The issues were found against the appellant, and judgment for costs was entered against him. The Appellate Court for the Second District affirmed the judgment on appeal but granted a certificate of importance, and this appeal has been perfected to reverse the judgment of affirmance.

It is necessary to the proper disposition of the question of law that arises that the facts of the case be stated.

On January 29, 1902, the appellant and the appellee entered into a written contract for the sale by the latter of the west half of the south-west quarter of section 21, town 27, north, range 7, east of the third principal meridian, in Livingston county, to the former at and for the sum of $6715, on terms of payment which in part, only, are important to be here stated. The agreement provided that on performance by the vendee of the terms and conditions of the sale the vendor should "convey and assure to" the vendee, "in fee simple, clear of all encumbrance and by a good and sufficient warranty deed," the said described tract of land. Another clause in the agreement required the vendee to pay the sum of $300 cash in hand and to pay the balance of the pur-

chase money between the first and fifteenth days of March,
1902, and to pay taxes, etc., and further stipulated that in the
event the vendee should fail to make the other payments and
perform the other terms and conditions of the sale, the con-
tract should, at the option of the vendor, be forfeited and
determined, and that the vendee should "forfeit all payments
made by him on his contract, and such payments should
be retained by the said" vendor "in full satisfaction and in
liquidation of all damages by him sustained." And the par-
ties stipulated that the vendee paid to the appellee the said
sum of $300 with the express condition and understanding
"that the appellee should furnish an abstract of title to said
premises showing the title in fee simple, clear of all encum-
brances whatever, to be in him, said amount to be returned
to appellant upon demand, upon failure of appellee so to do."
The possession of the land was retained by the vendor.
Within the specified time appellee furnished an abstract of
the title to the land and tendered appellant a deed, with full
covenants of warranty, for the premises described in the
agreement, and demanded payment of the balance of the pur-
chase price. The appellant insisted that the deed so tendered
did not convey a good and sufficient title in fee simple, clear
of all encumbrance, and declined to accept it, and demanded
that the appellee should return to him the $300 which he had
paid when the contract between them was signed. The ap-
pellee refused to re-pay the money, and the appellant brought
this action to recover it.

The title to the land rested in one Joseph Verkler, who
on the first day of April, 1884, made his note, whereby he
promised to pay to the appellee and one Taylor, as co-part-
ners, the sum of $1200 on the first day of April, 1889, with
interest at the rate of seven per cent per annum, payable an-
nually. On the same day the note was made, said Joseph
Verkler, together with his wife, executed and acknowledged
a trust deed in the nature of a mortgage, wherein they mort-
gaged the land to secure the payment of the said note for

$1200. One H. W. Weaver was designated as trustee in said trust deed. On the 24th day of November, 1884, the said Joseph Verkler, the owner of the land subject to the trust deed before mentioned, together with his wife, executed and delivered to one Ada Roggy, their grand-daughter, a quit-claim deed conveying, in consideration of their love and one dollar, the land to said Ada Roggy, "to her use and the use of the heirs of her body during her or their natural lives, but if she dies without issue, or if she shall have heirs the issue of her body and such heirs die before reaching the age of majority, then said premises herein described shall revert to the grantors and their heirs. This conveyance is not to take effect until after the decease of both the grantors." Verkler and his wife both died within but little more than one year after the execution and delivery of this deed, and Ada Roggy, who was then unmarried, entered into possession of the land. Subsequently Ada Roggy intermarried with one James M. Fish and became the mother of two children, Dale M. and Gerald A. Fish, the elder of whom was born in the year 1892.

On the 15th day of January, 1889, the heirs-at-law of Joseph Verkler, deceased, executed deeds conveying to Ada Roggy such interest as they had in the land. Ada Roggy paid the interest on the note secured by the mortgage or trust deed on the land as it fell due, annually, up to April 1, 1899. On September 14, 1899, the appellee, who had become the sole owner of the note, caused a bill to be filed to foreclose the trust deed on the land which had been given by said Joseph Verkler and wife. The note secured by the trust deed fell due April 1, 1889, being more than ten years before the institution of the suit to foreclose the trust deed. Dale M. and Gerald A. Fish, sons of Ada Fish, (*nee* Roggy,) were living when the bill to foreclose was filed and were both minors, the elder child being but seven years of age. Mrs. Fish and her husband, and also her minor sons, were made parties defendant to the bill and were served with process.

The adult defendants suffered defaults and a guardian *ad li-tem* was appointed to defend for the minors. The guardian *ad litem* filed a formal answer, and a decree of foreclosure was entered and a sale of the premises ordered in default of payment of the indebtedness fixed by the decree. The land was sold under the decree to the appellee, and not being re-deemed, the master executed a deed purporting to convey the land to him. Subsequently Ada Fish (*nee* Roggy) and her husband executed and acknowledged a deed quit-claim-ing all their interest in the land to the appellee, and deliv-ered to him the possession thereof. It was stipulated the appellee had and claimed title only in virtue of the master's deed under the foreclosure sale and the deed executed by Ada Fish (*nee* Roggy) and her husband to him. The judg-ment appealed from was rendered on the theory these deeds invested him with the full and indefeasible title to the land.

The contention of the appellant is, that under the proper construction of the deed made by Verkler and wife to Ada Roggy (now Fish) said Ada took a life estate in the land, and that the remainder in fee therein remained in abeyance, there being no one *in esse* in whom it could vest until a child should be born to Ada, and that the remainder vested at the birth of the son first born to Ada Fish, in such son, subject to open up and let in any after-born child or children, and that said Ada Fish (*nee* Roggy) had at no time any interest in the land other than that of a life tenant; that the payment of the annual interest by her had, under the principle declared by this court in *Ætna Life Ins. Co.* v. *McNeely,* 166 Ill. 540, no efficacy to toll the Statute of Limitations except as to her interest for life in the land; that the Statute of Limitations had, when the bill was filed, operated to bar the right of fore-closure as against the contingent interest in fee of the two minor sons of said Ada; that it was the duty of their guard-ian *ad litem* to set up in his answer to the bill of foreclosure and rely on the Statute of Limitations as a defense to the entry of a decree of foreclosure as against the fee interest of

his wards, and that it became the duty of the court to protect the interest of the minor defendants; that the omission of the guardian *ad litem* to formally plead the bar of the statute did not affect the defense, but that, as we held in *Stark* v. *Brown*, 101 Ill. 395, the court should have regarded the defense as pleaded by the guardian *ad litem's* answer and held the action to be barred, and that a writ of error may be sued out by said minors at any time during their minority or within the period of five years thereafter and the reversal of the decree obtained, with the consequent destruction of the title based thereon. Hence the appellant contended the deed tendered by the appellee did not convey to him a title free from reasonable doubt as to its validity, such as he was entitled to receive under the rule announced in *Close* v. *Stuyvesant*, 132 Ill. 607, and *Mead* v. *Altgeld*, 136 id. 298.

This contention is founded on the construction given by counsel for the appellant to the deed executed by Verkler and wife to Ada Roggy. The deed granted to Ada an estate for life in the lands, to take effect in possession after the death of both of the grantors. The deed also created a contingent remainder in fee in such children, if any, as should be born to Ada and should survive to reach the age of legal majority, and provided that if no child should be born to Ada, or if children were born to her but none of them should live to the age of majority, the fee should revert to the grantors or their heirs. When the deed was executed and delivered there was no one *in esse* to receive this contingent remainder in fee, and there might never be any person in being in whom the interest could vest. Under the construction which appellant's counsel urge should be given to this deed, the remainder in fee created by the deed, and which could not vest because there was no one in being to receive it, remained in abeyance and did not descend to the heirs of said Joseph Verkler, and consequently that Ada Roggy took nothing as grantee in the deed made to her by the heirs of Verkler.

It has become the settled law in this jurisdiction that when a contingent remainder is created by a will and there is no person in being in whom such remainder can vest, the fee is not in abeyance to await the coming into being of some one to take it, but remains in the heirs of the testator, subject to be divested by the happening of the contingency. This question was discussed, the authorities bearing thereon reviewed and the conclusion as we have stated it announced, in *Peterson* v. *Jackson,* 196 Ill. 40. In that case we said (p. 47) : "Although it was the subject of contention, it was generally held, in case of a conveyance at common law, that the whole estate passed out of the grantor, and in the case of a contingent remainder was in abeyance until the happening of the contingency." At the common law the transfer of the ownership of land contemplated the actual corporal transfer of the soil from the feoffor to the feoffee. Livery of seizin was the delivery of the corporal possession, and the feoffee passed at once into the full enjoyment of the land. On the delivery of the charter of feoffment, accompanied with livery of seizin, all title passed out of the feoffor and all future rights and interests were barred. In *Peterson* v. *Jackson, supra,* we said (p. 48) : "In Williams on Real Property (p. 266) the author explains that when contingent remainders began to be allowed the judges could not make up their minds to infringe on the ancient rule that the fee simple must, on every feoffment which confers an estate in fee, at once depart out of the feoffor, and they thereby sagely reconciled the rule by affirming that during the contingency the inheritance was either in abeyance or *in gremo legis,* or else *in nubibus.* But he says: 'Modern lawyers, however, venture to assert that what the grantor has not disposed of must remain in him, and cannot pass from him until there exists some grantee to receive it.'" In that case *Frazer* v. *Supervisors of Peoria County,* 74 Ill. 282, was cited and urged as supporting the view that the fee remained in abeyance until the contingency on which it should rest should

happen, and the insistence was answered by saying that in the case in hand (*Peterson* v. *Jackson,*) a devise in a will was the subject of. consideration, and that in the *Frazer case* the instrument to be construed was a deed to an unmarried woman and the heirs of her body, who subsequently married, and, together with her husband, conveyed the premises to the grantor, and the question was whether her re-conveyance cut off the contingent remainder, and it was held it did not; that the decision there rendered was right on the facts of the case, and that whether certain observations found in the opinion delivered in the case, respecting the fee remaining in abeyance, were correct or not was unnecessary to be determined, as that question was not necessarily involved.

Whether the same rule of construction should obtain in case of deeds as in wills seems now presented for the first time for decision. The distinction in the construction of these instruments arose out of the existence of the ancient requirement of livery of seizin in the conveyance of lands, which had no application to the transfer of titles by devises in wills. The abolition of livery of seizin removed all reason for the rule of different construction, and the rule itself should be held to have fallen with the reason therefor. In construing deeds we hold, and so we think the consensus of modern opinion to be, that all interest in the title to lands which the grantor possessed and did not vest in some other person by the deed remains in the grantor, and that if the deed creates a remainder in fee to vest contingently in some person not *in esse* but on the coming into being of such person, and provides for the reversion of such remainder to the grantor or his heirs in the event the contingency does not occur, the deed does not operate to divest the grantor of the fee to such contingent remainder, for there is no person in being in whom such interest may vest, and that the contingent interest will not be deemed to be in abeyance, but to remain with the grantor, subject to be divested upon the happening of the contingency. Any expressions to be found

in *Frazer* v. *Supervisors of Peoria County, supra,* that may seem to be inconsistent with this view were unnecessary to the proper determination of the matters there involved, and consequently are to be regarded as wanting in authoritative force as a precedent.

The deed executed by Verkler, properly construed, had no effect to divest the grantor therein of the title to the contingent remainder in fee, but that estate remained in the grantor, subject to be divested by the happening of the contingency, but subsisted in the grantor until the contingency should occur, and forever if it be not divested by the happening of the contingency, and on the death of the grantor descended as intestate estate to his heirs, subject to the possibility of divestiture by the happening of the contingency, and passed from them to Ada Roggy by the conveyance of the same to her by the heirs of said grantor. She was then possessed of a life estate in the land, and by this deed from the heirs of Verkler became seized of the remainder in fee therein, the latter estate being subject to be divested by the birth of a child to her. While so seized of both the life estate and the reversionary interest in the land, and while no other person in being had any interest, present, future or contingent, therein, she paid the annual interest on the debt secured by the trust deed for the years 1890 and 1891. Her eldest child was born some time in the year 1892, but the day and month are not disclosed. She paid the annual interest for the year 1892 also, but whether before or after the birth of her son Dale the record does not advise us. That, however, is not important, for the payments made by her in 1890 and 1891 were each within less than ten years prior to the filing of the bill to foreclose the trust deed. When she made each of these payments of annual interest she was possessed of the life estate and of the reversionary interest in the land. The latter estate was subject to be defeated on the happening of a contingency which might never occur. If such contingency did not happen, the full and complete title would rest in her.

She had full right to protect her estate, and all possible interests, from foreclosure and sale under the trust deed by paying the annual interest as it fell due on the note secured by the trust deed. Payments made under such state of case would operate to arrest the running of the Statute of Limitations as against both the life estate and the reversionary estate. The foreclosure proceedings were regular, and the deed made by the master conveyed the contingent interest of the minor children of Ada to the appellee. The deed made by Ada Roggy and husband completed appellee's title, and the deed which he tendered to the appellant would have invested the latter with the title to the premises.

The judgment appealed from permitted the appellee to retain $300, the sum paid by the appellant as liquidated damages. Courts are inclined to treat a sum stated to be paid if an undertaking is not complied with, as a penalty because of the default, for by so doing only the damages actually resulting from the default are recoverable, but will give effect to the contract of the parties in the absence of fraud, circumvention or unconscionable oppression. (13 Cyc. 89, 90.) Here the parties in their written contract, in plain terms, expressed their intention that the sum of $300 should be treated as liquidated damages. The circumstances which should enter into consideration in the ascertainment and computation of the damages that would actually or most probably result from a breach of the contract were well known to the contracting parties. Fraud or circumvention is not suggested, and there is nothing to indicate that the amount is unconscionable or disproportionate to the damages apparently likely to result from the breach. It was not error to treat the sum named as liquidated damages. *Peine* v. *Weber,* 47 Ill. 41; *Gobble* v. *Linder,* 76 id. 157; *Westfall* v. *Albert,* 212 id. 68; 13 Cyc. 93-95.

The judgment must be and is affirmed.

*Judgment affirmed.*