**The Standard Brewery, Defendant in Error, v. Sam Schmalhausen, Plaintiff in Error.**

**Gen. No. 17,720.**

DAMAGES—*liquidated.* A sum stipulated in a written contract in which defendant agreed to purchase of plaintiff all the beer used in his business should be treated as liquidated damages and not as a penalty where actual damage to plaintiff is shown and it is apparent that it could not be definitely ascertained and the circumstances which might affect the damage must have been known and considered by the parties in fixing such sum.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 17, 1912.

GEORGE F. BARRETT and JOHN F. HASS, for plaintiff in error.

CASTLE, WILLIAMS, LONG & CASTLE, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

The only question raised here is whether the sum stipulated in a written contract between the parties as damages for breach of it, and designated therein as liquidated damages, should be treated as such or as a penalty. The breach relied on was defendant's failure to observe his agreement to purchase from plaintiff the beer that would be used in his business from May 1, 1909, to April 30, 1911. He ceased to take plaintiff's beer in July, 1910, and thereafter purchased from others. He had already taken 1,300 barrels on which there was a profit of about fifty cents a barrel.

Complaint is made that the court refused to modify its charge as requested by defendant and instruct the jury that the sum so designated was a penalty and

that no damages had been proven. The court properly refused the request. In fact, the charge was more favorable to defendant than the case warranted, for under it the jury was at liberty to limit their verdict to the loss of profits actually proven. That plaintiff suffered actual damage by way of a loss of profits was shown, and that they could not be definitely ascertained was apparent from the nature of the defendant's business and the varying circumstances by which it might be affected. These must have been familiar to both parties at the time they entered into the contract, and taken into consideration in fixing a specific sum as the measure of damages that would ensue from a breach of the contract.

We may aptly apply to this case the language of the court in Pinkney v. Weaver, 216 Ill. 185, as follows:

"Here the parties in their written contract, in plain terms, expressed their intention that the sum of $300," ($500 in the case at bar) "should be treated as liquidated damages. The circumstances which should enter into consideration in the ascertainment and computation of the damages that would actually or most probably result from a breach of the contract were well known to the contracting parties. Fraud or circumvention is not suggested, and there is nothing to indicate that the amount is unconscionable or disproportionate to the damages apparently likely to result from the breach. It was not error to treat the sum named as liquidated damages."

The cases there referred to are applicable here, and need not be cited herein.

The judgment will be affirmed.

*Affirmed.*