THE PARKER-WASHINGTON COMPANY, Plaintiff in Error,
*vs.* THE CITY OF CHICAGO, Defendant in Error.

*Opinion filed February 17, 1915.*

1. CONTRACTS—*parties who are competent and free to contract
may make their own contracts.* The law permits parties who are
competent to contract and free to do so, to exercise their own judg-
ment in making their contracts, and the proper function of the
courts is to enforce such contracts as made, where they do not
conflict with any rule of law or good morals or the declared pub-
lic policy of the State.

2. SAME—*contracts by which parties agree beforehand on the
amount of damages for breach are, as a rule, valid.* Contracts by
which parties who are competent to contract and under no com-
pulsion clearly agree beforehand upon the amount of damages
which shall be allowed for a breach are as lawful as any others
unless they are inhibited by some rule of law.

3. SAME—*if intention is in doubt, courts are inclined to con-
strue stipulated sum as a penalty.* If the intention of the parties
is in doubt the courts are inclined to construe the stipulated sum
to be paid in case of a breach of the contract as a penalty, because
the theory of the law generally is that compensation will work
justice between the parties.

4. SAME—*how intention of the parties will be ascertained.* In
order to determine whether a stipulated sum to be paid for the
breach of a contract was intended to be a penalty or liquidated
damages the court will consider the language used and the subject
matter of the contract, and the use of the word "liquidated" docs
not always determine the question.

5. SAME—*when a stipulated sum in gross will be held to be a
penalty.* Where different acts to be performed are of unequal im-
portance, some resulting in great damage and others in trifling
loss, a stipulated sum in gross to be paid for failure to perform
any one of the acts will be construed as a penalty.

6. SAME—*when provision for a stipulated sum to be paid for
breach of contract will be upheld.* Where the damages which will
result from a failure to perform a contract are of such a nature
that they cannot be definitely ascertained or proved, and the par-
ties, being competent and free to contract, have stipulated a sum
as liquidated damages in case of a failure to perform the con-
tract, their agreement will be upheld.

7. MUNICIPAL CORPORATIONS—*when provision that a city may
retain $50 for each day passing after date for completion of con-
tract will be enforced.* A provision in a contract with a city for

the erection of a pumping station to supply water for the use of the inhabitants and for protection against fire, that the city may retain, as its ascertained and liquidated damages, $50 for each day between the time fixed for completing the work and the time of its actual completion, is valid and will be enforced even though completion was delayed by failure of contractors for other work in connection with the water tunnel to complete their work.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding.

OLSEN & BOORD, (CLARENCE N. BOORD, of counsel,) for plaintiff in error.

WILLIAM H. SEXTON, Corporation Counsel, (GEORGE L. REKER, and MAX M. KORSHAK, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 10, 1909, the Parker-Washington Company, plaintiff in error, entered into a contract by which it agreed to construct for the city of Chicago, defendant in error, the foundations of a boiler room, auxiliary buildings and chimney of a pumping station at One Hundred and Fourth street and Stewart avenue, in the city of Chicago, and to complete the same by December 22, 1909. The work was not completed until March 5, 1910, seventy-three days after the date fixed for its completion. The contract contained the following provision: "It is distinctly understood and agreed by the parties hereto that the work to be performed hereunder shall be completed within the time hereinabove fixed for its completion. Inasmuch as failure to complete the same within the time herein fixed will work an injury to the city of Chicago, and as damages arising from such failure cannot be calculated with any degree of certainty, it is hereby agreed that if such work is not fully

completed within the time fixed herein there shall be deducted from the contract price and retained by said city, as its ascertained and liquidated damages, the sum of fifty dollars ($50) for each and every day passing after the date fixed for the completion, until said work is fully completed as specified." When the work was completed the defendant in error retained the stipulated sum of $50 a day for the seventy-three days as liquidated damages and the remainder of the contract price was paid. The plaintiff in error brought suit in the municipal court of Chicago for the sum so retained and also for a balance due on another contract. The court tried the case without a jury and found in favor of the plaintiff for a balance due on the other contract, but found against the plaintiff on this contract on the ground that the defendant was justified in retaining $3650 as liquidated damages. Judgment was entered accordingly, and the plaintiff appealed to the Appellate Court for the First District and assigned as error the holdings of the municipal court on propositions of law and the refusal to allow the full sum claimed on both contracts. The Appellate Court affirmed the judgment, and a writ of *certiorari* was awarded to bring the record to this court for review.

The law permits parties competent to contract and free to do so, in the exercise of their judgment, to make their own contracts, and the proper function of courts is to enforce such contracts as made, where they do not conflict with any rule of law or good morals or the declared public policy of the State. When the intention of the parties to a contract is ascertained it is ordinarily the duty of the courts to carry it out, (*United States* v. *Bethlehem Steel Co.* 205 U. S. 105,) and they cannot properly assume a guardianship over those who have the requisite capacity and are free to make such contracts as they may choose. Contracts by which parties who are under no compulsion agree beforehand upon the amount of damages which shall be allowed for a breach are as lawful as any others unless they

are inhibited by some rule of law.  There is a class of con-
tracts in which stipulations for liquidated damages are not
permitted because the law has fixed a definite standard for
such damages and an agreement to pay more is necessarily
in violation of the law.  Those are cases where there is an
agreement to pay a certain sum of money, or in default to
pay a sum exceeding the lawful rate of interest, as liqui-
dated damages.  (*Tiernan* v. *Hinman,* 16 Ill. 400; 13 Cyc.
101.)  That rule was alluded to in *Peine* v. *Weber,* 47 Ill.
41; and in the case of *Scofield* v. *Tompkins,* 95 id. 190,
where the agreement was held to be for a penalty and not
liquidated damages, the contract was to pay $22,770 as the
price of land, and also as liquidated damages in case the
sum was not promptly paid.  Where the agreement does
not interfere with any rule of law the intention of the par-
ties, as in all other cases, must govern.  Where the inten-
tion of the parties is in doubt the courts are inclined to
construe the stipulated sum as a penalty, because the theory
of the law generally is that compensation shall be the rule
and the application of that rule works justice between the
parties.  (*Iroquois Furnace Co.* v. *Wilkin Manf. Co.* 181
Ill. 582.)  In order to determine whether a stipulated sum
to be paid for the breach of a contract was intended to be
a penalty or liquidated damages, the court will consider the
language used and the subject matter of the contract to as-
certain the intention of the parties.  The use of the word
"liquidated" does not always determine the question, and in
the case of *Iroquois Furnace Co.* v. *Wilkin Manf. Co. supra,*
the fact that the supplemental contract recited that the pur-
chaser was desirous that the contract should contain a pen-
alty in the nature of stipulated damages was given weight.
With respect to the subject matter of the contract, if the
provision has reference to uncertain damages and the case
shows that serious damage might have been incurred, and
no fraud has been used in procuring the contract, the courts
cannot interfere and the stipulated sum furnishes the full

measure. Generally, the language in which the parties have expressed their intention will control. One matter to be considered is the question whether different acts to be performed are of unequal degrees of importance, some resulting in great damage and others in trifling and inconsiderable loss. In such a case, if a stipulated sum in gross is to be paid for a failure to perform any one of the acts the sum will be construed as a penalty, because it cannot be presumed that the parties intended to satisfy a breach of either condition by the same stipulated sum. (19 Am. & Eng. Ency. of Law, 40; 13 Cyc. 101.) That doctrine does not apply to this case, for the reason that the sum agreed upon as liquidated damages related to the completion of the entire work. Where the damages that will result from a failure to perform the contract are of such a nature that they can not be definitely ascertained or proved and the parties have stipulated a sum as liquidated damages, there is no reasonable ground for saying that the parties did not intend to fix and define the amount of damages and their agreement will be upheld. These rules are to be gathered from the following decisions: *Peine* v. *Weber, supra; Poppers* v. *Meagher,* 148 Ill. 192; *Gobble* v. *Linder,* 76 id. 157; *Hennessy* v. *Metzger,* 152 id. 505; *Westfall* v. *Albert,* 212 id. 68; *Pinkney* v. *Weaver,* 216 id. 185; *Western Gas Construction Co.* v. *Dowagiac Gas and Fuel Co.* 146 Mich. 119; 10 Ann. Cas. 224.

We do not see how there can be any doubt as to the meaning of the parties as expressed in this contract, inasmuch as they specified that the failure to complete the work would work an injury to the city and the damages arising from the failure could not be calculated with any degree of certainty, which brings the case exactly within the rule of law on the subject. Not only did they express the fact that the damages could not be calculated with any degree of certainty, but that was the truth. The construction contracted for was a part of a pumping station for pumping

water from Lake Michigan, to be distributed to the south
and southwest parts of the city for the use of the inhab-
itants and for protection against fire. The city, in its cor-
porate capacity, would suffer no damages by the failure to
complete the work, but the citizens in whose behalf the con-
tract was made would suffer damages which it would be
practically impossible to prove. The contract was made by
the city for the purpose of preserving the health and pro-
moting the convenience and welfare of its citizens and pro-
tecting them and their property. (*Brooks* v. *Wichita*, 114
Fed. Rep. 297.) It is beyond question that there could be
no estimate of damages or compensation for the inconven-
ience to the public or damage resulting from a failure to
complete the contract as agreed, (*Harlev* v. *Sanitary Dis-
trict*, 226 Ill. 213,) and if the parties did not intend that
the stipulated sum should be liquidated damages they did
not intend that any damages could be recovered, since none
could be proved.

Counsel insist that the defendant could retain nothing
as liquidated damages because contractors for other work
did not complete their contracts, and the pumping station,
therefore, could not be used before the plaintiff completed
its work. The pumping station was designed to bring water
through a tunnel from Lake Michigan, and the tunnel was
divided into three sections and different contracts were let
for the construction of the sections. By these contracts all
the work was to be completed more than nine months be-
fore the time fixed for the completion of this contract, but
the tunnel was not completed until after the work of the
plaintiff had been finished. Neither the intention of the
parties nor the construction of the contract can depend up-
on what happened afterward, which was not reasonably in
contemplation when the contract was made. Cases where
the actual damages suffered have been capable of ascertain-
ment and could be considered by the parties do not apply
to the situation here. It was intended that each contract

should be performed within the time agreed upon, and if there was a similar stipulation in every contract, the argument would lead to the conclusion that each one could say that nothing could be deducted from his contract price because someone else had not performed.

The contract was construed by the municipal court in accordance with the views we have expressed and the propositions of law held were in harmony with such views.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*