(No. 75-CC-1193— )

CENTRAL OFFICE EQUIPMENT COMPANY, Claimant, *v.*
STATE OF ILLINOIS, Respondent.

*Order filed July 28, 1978.*

PER CURIAM.

Claimant in this action seeks to recover from Respondent the sum of $2,160.00 for time and services expended by Claimant pursuant to a "proposal" made by Claimant to the State of Illinois dated July 9, 1973. This proposal was directed to the Secretary of State and proposed in general that Claimant perform an indepth study of the license plate warehousing, packaging, storage and distribution functions undertaken periodically by the Secretary of State's office and to develop a blueprint of present facilities using exsisting equipment to implement an improved plan of operation.

The proposal, submitted by Claimant, contained the following final paragraph, to-wit:

"Our cost for doing the above work will be based upon hourly work and time, and will be priced not to exceed $5,000.00 We offer one concession in our plan, in that if we cannot give the Secretary of State the type of program listed above, or it is not satisfactory to the Secretary of State, there will be no charge for the work that goes into this procedure. We make the above offer because we feel we have the knowledge and background to give you the type of operating procedures desired by the Secretary of State. Our hope is that we may proceed with our proposal and be completed by October 10, 1973."

The State did not utilize the Claimant's preliminary proposal and the evidence discloses that the procedure ultimately utilized by the State was a procedure from some other sources.

Respondent takes the position that the State had an absolute right under the contract to cancel the proposal and refuse payment of consideration.

This proposal was drawn by Claimant and submitted to Respondent for signing.

Respondent's position is that it had the right and was justified in refusing to pay Claimant for time and labor expended in the performance of the contract.

The final paragraph of the contract drawn by Claimant, as cited above, is relied upon by Respondent in its denial of liability for payment.

Respondent cites the case of *Illinois Steel Bridge Company v. State of Illinois, 7 75.* On *page 78 of Volume 7,* the Court, in deciding said case, made the following observation:

"The contract establishes the rights and the liabilities of the parties thereto, and this Court has no power to change or modifiy its terms. The law permits parties competent to contract and free to do so, in the exercise of their judgment, to make their own contracts, and the proper function of Courts is to enforce such contracts as made, where they do not conflict with any rule of law or good morals or the declared public policy of the State. When the intention of the parties to a contract is ascertained it is the duty of the Courts to carry it out, and they cannot properly assume a guardianship over those who have the requisite capacity and are free to make such contracts as they choose, *(Parker-Washington Co. v. Chicago, 267 Ill. 136)* It is clearly manifest that the purpose of these provisions of the contract was to limit the compensation which Claimant should receive to the contract price and to bar it from any claim to extra compensation."

In view of all the evidence submitted, it appears to the Court that Respondent's position is correct. Said cause is therefore dismissed and award denied.