SHELBY BEAN et al., Plaintiffs-Appellants and Cross-Appellees, v. ANNA BOUDREAU, Defendant-Appellee and Cross-Appellant (Ebner Arseneau et al., Defendants-Appellees).

Third District No. 3—86—0294

Opinion filed February 13, 1987.—Rehearing denied March 24, 1987.

Ronald E. Boyer, of Watseka, for appellants.

Gill M. Garman, of Sebat, Swanson, Banks, Lessen & Garman, of Danville, and Louis B. Sunderland, of Watseka, for appellee Anna Boudreau.

Francis J. Householter, of Francis J. Householter, Ltd., and Edward P. Drolet, both of Kankakee, for appellee Laverne Huston Arseneau.

Edward P. Drolet, of Kankakee, for other appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This case involves a suit to partition 160 acres of farmland located in Iroquois County. Charles Arseneau, the common ancestor of a majority of the claimants, executed a warranty deed which conveyed a life estate to Camille Arseneau, one of Charles' children. The main dispute in the instant case centers around the interpretation of the clause disposing of the property after Camille's death. The clause provided that if Camille died without children, the farmland would revert to Charles' remaining children "who shall survive." The trial court interpreted the clause to require the remaining children to survive the grantor, Charles, rather than the life tenant, Camille, and ordered partition of the property in accord with that interpretation. We believe that the trial court's interpretation is incorrect and therefore reverse.

Charles Arseneau executed a warranty deed on October 14, 1929. The deed conveyed a life estate to his son, Camille, and a successive life estate to Camille's wife, Monique. The terms of the deed then provided that if Camille died childless, "the land shall revert to those of

my children, Joseph C. Arseneau, Paul L. Arseneau, Philip Arseneau, Mrs. Victoria Pombert, and Mrs. Anna Boudreau, who shall survive, share and share alike." The grantor died in 1945 and was survived by all of his children. Camille died childless in 1982. He was preceded in death by his wife and all of his siblings except Anna Boudreau.

Plaintiffs in the partition action below are the grandchildren of Paul Arseneau, one of the grantor's children. All defendants who answered, with the exception of Anna Broudreau, agreed that the land should be partitioned. Anna contended at trial, and still maintains on appeal, that she is the sole owner of the land as the only sibling to survive Camille. The trial court held that the remainder interest in the land vested in the five named children at the grantor's death and that survival of the life tenant was not required to satisfy the language in the deed. Based on this decision, the court denied Anna's claim to the entire property. The court also determined that the plaintiffs and defendant Nancy Young took no interest in the property at Camille's death because their father, Ferdinand, who died in 1981, devised his interest in the land to his wife. Partition and division of the land was then ordered to take place in accordance with the court's determination of the percentage interests the parties owned.

The plaintiffs filed a timely notice of appeal. On appeal, they assert that the trial court's judgment as to their interest in the property should be reversed and each of them should be awarded a one-ninetieth undivided interest in the land. In the alternative, the plaintiffs request this court to award each of them a one one-hundred-thirty-fifth interest and award their father's widow only a one forty-fifth interest in the property. Anna Boudreau cross-appeals and argues that the trial court erred in its interpretation of the deed and in its denial of her claim to the entire tract of farmland. We agree with Anna Boudreau's interpretation of Charles Arseneau's deed and therefore reverse the judgment of the trial court.

■ Of primary importance in resolving this dispute is the intent of the grantor, Charles Arseneau. The well-established principle in Illinois is that the intention to be considered is that which is apparent and manifest from the deed itself; in determining the grantor's intention, it is generally not permissible to go beyond the four corners of the deed. (*Mahrenholz v. County Board of School Trustees* (1984), 125 Ill. App. 3d 619, 626.) Consideration must be given to all of the instrument's language and provisions to arrive at a fair and reasonable interpretation. *Shelton v. Andres* (1985), 106 Ill. 2d 153, 159.

■ Upon consideration of the language in the Arseneau deed with the above principles in mind, we are of the opinion that only

those of the grantor's children who survived the life tenant, Camille, could take a remainder interest in the farmland. Anna Boudreau was the only one of the grantor's children who survived Camille; she therefore is the sole owner of the farmland. The provision creating the remainder in the deed is clear: If Camille "shall die leaving no child or children of his own flesh, the said land shall revert to those of my children, [naming them], who shall survive." The grantor intended to convey the property to Camille and his family, but in the event that Camille had no children, the grantor wished to provide for Camille's surviving siblings. Camille's surviving brothers and sisters could not be identified until Camille's death, and they need not have been identified at all if Camille had died leaving a child. Thus, the time for determining who would share in the farm interest was at the termination of Camille's life estate.

■ This result is commanded by the language in the deed and is also consistent with the settled rule in Illinois. In *Comisky v. Moore* (1962), 26 Ill. 2d 494, 499, the Illinois Supreme Court stated that the rule in Illinois is that in a will, words of survivorship limiting a remainder which follows an intervening life estate presumptively refer to the termination of the intervening life estate rather than the death of the testator. We acknowledge that in *Comisky*, the court determined that the testator expressed an intent that the words of survivorship should be referred to the date of his death and that his expressed intent would preclude application of the established rule. The language in the Arseneau deed, however, is quite different from that in *Comisky* and does not express an intent that the words of survivorship should refer to the grantor's death. Therefore, *Comisky* does not demand that we depart from the well-settled rule that in these circumstances, the persons who are to share in the remainder are determined as of the date of the termination of the intervening life estate.

Our decision in this case is also consistent with that reached in *Ludwig v. Sommer* (1964), 53 Ill. App. 2d 72. In *Ludwig*, a husband devised farmland to his wife for life, and at her death, the property was "to revert back to my heirs, then living." The court held that the phrase, "then living," indicated that determination of the heirs who would share in the remainder was to be made at the death of the life tenant, rather than at the death of the testator. Similarly, Charles Arseneau indicated that if Camille died without children, the farmland was to revert to those of Camille's siblings, "who shall survive." To hold that the heirs of siblings who predeceased Camille have an interest in the farmland would be to ignore the clear language of the Arseneau deed.

■ In its memorandum opinion, the trial court commented that many of the citations in Anna Boudreau's trial brief were to cases construing wills rather than deeds. This is not a factor of any consequence in the case before the court. The Illinois Supreme Court long ago recognized that the distinction in the construction of deeds and wills arose out of the ancient requirement of livery of seizin in the conveyance of lands, and that because livery of seizin was abolished, there is no longer any reason for the rule of different construction. (*Pinkney v. Weaver* (1905), 216 Ill. 185, 194.) Consequently, we find no reason to ignore the rules established in cited cases, even though the courts were called upon to construe the language in wills rather than deeds. Accord, *Belleville National Bank v. Trauernicht* (1983), 112 Ill. App. 3d 756.

■ The trial court considered evidence of Camille's and Anna's understandings of the deed, which the appellants contend is relevant. We disagree with the appellants. The trial court correctly acknowledged that the intent of the grantor is determinative. It necessarily follows that others' understandings or interpretations of the grantor's intent are not determinative.

The clear language of the deed establishes that Camille's interest in the acreage was to pass to those children of Charles Arseneau who survived Camille. Anna Boudreau was the only one of the grantor's children living at Camille's death, so she is the sole owner of the farmland under the Arseneau deed.

Because of our disposition of this case, we need not consider the plaintiffs' arguments on appeal. Based on the foregoing, the judgment of the circuit court of Iroquois County is reversed.

Reversed.

BARRY, P.J., and STOUDER, J., concur.