## HERBERT E. BUCKLEN,

### v.

## CHARLES HASTERLIK.

*Filed at Ottawa April 1, 1895.*

1. EQUITY—*will award earnest money to a vendor on breach of contract.* The rule that a court of equity will not enforce a penalty or forfeiture does not preclude its adjudging to a vendor earnest money which the contract of sale recites has been paid to be applied on the purchase, when consummated, and is to be refunded if the vendor does not comply with its terms, as such money becomes the property of the vendor by the terms of the contract, and he can be divested of it only in the event of his failure to perform.

2. ACKNOWLEDGMENT—*letters "L. S." to acknowledgment in abstract denote an official seal.* The letters "L. S." following the name of the notary in a certificate of acknowledgment, as indicated in an abstract of title, sufficiently indicate that an official seal was attached to such certificate.

3. VENDOR AND PURCHASER—*when abstract of title need not show acknowledgment was sealed.* An abstract of title furnished by a vendor of land is not insufficient because it fails to show that an acknowledgment taken in another State bore a notarial seal, where the law of such State in force at the time provides that such official seal shall not be necessary to the validity of the certificate,—especially where the deed has been recorded for forty years, and transactions of great importance have been based upon it.

4. SAME—*vendor need not tender deed until title is accepted.* A vendor, under a contract requiring him to tender a good abstract of title, is not bound, prior to the acceptance of the title tendered, to make a tender of a deed to the purchaser, in order to entitle him to the earnest money upon the purchaser's failure to perform.

5. SAME—*how far purchaser is bound by acts of attorney.* A purchaser is bound by the acts of his attorney in refusing to accept a sufficient abstract of title furnished, where he does not deny his authority, or indicate that he is ready and willing to accept the title notwithstanding the objections raised by such attorney.

6. SAME—*when earnest money becomes compensation.* A vendor is properly allowed, upon the principle of compensation, to retain earnest money paid upon land, because of the purchaser's refusal to accept a good title furnished, where, pending the contract, the property has declined in value to an amount exceeding such money.

*Bucklen* v. *Hasterlik*, 51 Ill. App. 132, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

The subject matter of this case brings before this court for review a decree of the circuit court of Cook county, which was, on appeal, affirmed by the Appellate Court for the First District.

The facts, as shown by the record, are, that on the 27th of April, 1891, appellant and appellee entered into a contract, a copy of which is as follows :

"This memorandum witnesseth, that Charles Hasterlik hereby agrees to sell, and Herbert E. Bucklen agrees to purchase, at the price of $16,950, the following described real estate, situated in Cook county, Illinois : The north one hundred and fifty (150) feet of the west half of block 4, in Charles Busby's subdivision of the south half of the south-east quarter of the north-west quarter of section 10, township 38, north, range 14, east of third principal meridian, subject to all taxes and assessments levied after the year 1890, and unpaid special assessments levied for improvements not yet made. Said purchaser has paid $1000 as earnest money, to be applied on said purchase when consummated, and agrees to pay, within five days after the title has been examined and found good, the further sum of $5000 at the office of Jay Dwiggins & Co., Chicago, provided a good and sufficient general warranty deed, conveying to said purchaser a good title to said premises, with waiver and conveyance of any and all estates of homestead therein, and all rights of dower, inchoate or otherwise, (subject as aforesaid,) shall then be ready for delivery, the balance to be paid as follows: $3650 on April 27, 1892, $3650 on April 27, 1893, $3650 on April 27, 1894, with interest from this date at the rate of six per cent per annum, payable semi-annually, to be secured by notes and mortgage or trust deed, of even

date herewith, on said premises, in the form ordinarily used by Jay Dwiggins & Co., a complete abstract of title or merchantable copy to be furnished within a reasonable time, with a continuation thereof brought down to cover this date. In case the title, upon examination, is found materially defective within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded and this contract is to become inoperative. Should said purchaser fail to perform this contract promptly on his part at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by the vendor, and this contract shall be and become null and void. Time is of the essence of this contract and of all the conditions thereof. This contract, and the said earnest money, shall be held by the International Bank, for the mutual benefit of the parties hereto.

"In testimony whereof, said parties hereto set their hands this 27th day of April, A. D. 1891.

CHARLES HASTERLIK,
HERBERT E. BUCKLEN,
Per H. S. MERRITT & Co., *Agents.*"

After the contract was executed it was delivered by Hasterlik to Merritt, agent for Bucklen, who thereupon gave to Dwiggins, agent for Hasterlik, a certified check drawn by Bucklen on the Fort Dearborn National Bank of Chicago. The contract and check were thereupon sealed in an envelope, and taken by Merritt and Dwiggins, agents of the respective parties, to the International Bank and deposited there. The envelope, on the back, was endorsed as follows:

"CHICAGO, *April 27, 1891.*

"Deliver only on joint request of Charles Hasterlik and H. S. Merritt & Co., agents of H. E. Bucklen."

The check was payable to the order of H. S. Merritt, and by him endorsed in blank. A few days after the contract was executed as above, Hasterlik delivered an abstract of title to Merritt, which was by him handed to K. R. Smoot for examination, he being Bucklen's attorney. Smoot objected to the title, and, complying with a request made by appellee's attorney, made the following objections in writing: "First, that certain deeds in the chain of title were insufficiently acknowledged, to-wit: One from Zaphna Lake and wife to Nathan C. Hills, dated March 22, 1843, one from Nathan C. Hills and wife to Isaac Loomis, dated July, 1843, and one from Isaac Loomis to John P. Emerson, dated February 2, 1846; second, the uncertainty of description in the 'Carter' conveyance; third, that there was outstanding against the property an incumbrance to the amount of $7000, dated April 17, 1890, made by Hasterlik, and unpaid; fourth, taxes for the year 1890 upon said premises, and special assessments."

Some considerable correspondence passed between the attorneys for the respective parties, attorneys for appellee insisting that the objections to the title were not well taken. They referred to the statute of Ohio, where the acknowledgments were taken, endeavoring to convince Smoot of the validity of these acknowledgments, and also attempted to convince him that there was no uncertainty in the description of the land mentioned in the "Carter" conveyance. They also informed him that the $7000 trust deed would be released and satisfied when Bucklen was ready to complete his purchase, and that the taxes for 1890 had been paid, referring Smoot to the record as evidence thereof. Meanwhile the purchase was not consummated, and on July 22, 1891, Hasterlik filed a bill against Bucklen and the International Bank, claiming the $1000 earnest money, alleging in the bill that Bucklen had not complied with his contract, and that Hasterlik was entitled to such earnest

money as liquidated damages. The bill asked that the money be paid to him and the contract annulled.

On November 4, 1891, the present action was begun by the International Bank filing its bill of interpleader in the circuit court of Cook county, to which Hasterlik, Bucklen and Merritt were made defendants. The bill set forth the facts as then existing, and asked that the parties be required to litigate with each other regarding their right to the $1000. Hasterlik and Bucklen answered, each claiming the money. On hearing of the interpleader an interlocutory decree was rendered, ordering the International Bank to pay to the clerk of that court $1000, less $84 attorney's fees and court costs. Thereupon the action proceeded between Bucklen and Hasterlik, and on February 6, 1893, a final decree was entered awarding the earnest money to Hasterlik, which was, on appeal by Bucklen, affirmed by the Appellate Court.

SMOOT & EYER, and MONK & ELLIOTT, for appellant:

A court of equity could offer no relief without aiding in a forfeiture,—a thing it will never do. *Livingston* v. *Tompkins*, 4 Johns. Ch. 416; *Marshall* v. *Vicksburg*, 82 U. S. 149; *McCormick* v. *Ross*, 70 Cal. 474; *White* v. *Railroad Co.* 13 Mich. 356; *Crane* v. *Dwyer*, 9 id. 380; *Fitzhugh* v. *Maxwell*, 34 id. 138; *Mills* v. *Evansville Seminary*, 47 Wis. 354, and 52 id. 669; *Vale* v. *Drexel*, 9 Ill. App. 446; *Clark* v. *Drake*, 3 Chand. 253.

A stronger case is required of a party seeking to recover damages for a breach, than of him who relies upon rescission. *Tyler* v. *Young*, 2 Scam. 445; *Conway* v. *Case*, 22 Ill. 127; *Runkel* v. *Johnson*, 30 id. 330; *Bigler* v. *Morgan*, 77 N. Y. 312.

Possession of an unincumbered title at the time fixed for completion of a contract and of a deed duly signed and ready for delivery, was a condition precedent, without performance of which appellant could not be called upon to do anything. *Tyler* v. *Young*, 2 Scam. 445; *Bank*

v. *Hagnar,* 1 Pet. 455; *Conway* v. *Case,* 22 Ill. 127; *Morange* v. *Morris,* 3 Keyes, 48 ; *Williams* v. *Healy,* 3 Denio, 364; *Bigler* v. *Morgan,* 77 N. Y. 312.

The vendor must aver his own performance or tender of performance, and sustain his averment by proof. *Tyler* v. *Young,* 2 Scam. 447; *Sheeren* v. *Moses,* 84 Ill. 448.; *Headley* v. *Shaw,* 39 id. 354; *Hunter* v. *Bilyeu,* 39 id. 368; *Runkle* v. *Johnson,* 30 id. 332; *Borland* v. *Sickles,* 26 id. 497; *Johnson* v. *Wygant,* 11 Wend. 49; *Jones* v. *Gardner,* 10 Johns. 268; *Gazley* v. *Price,* 16 id. 267; *Parker* v. *Parmalee,* 20 id. 130; *Peck* v. *Brighton,* 69 Ill. 200.

The attorney had no power to waive removal of the incumbrance or a tender of performance, either by express agreement or by urging untenable objections to the title. Sugden on Vendors, 346; *Deverell* v. *Lord Bolton,* 18 Ves. 505; *Harwood* v. *Bland,* 1 Fla. & Ke. 540.

Mere antiquity of the deeds is not sufficient proof of their execution. *Smith* v. *Rankin,* 20 Ill. 14; 2 Cowan and Hill's Notes to Phillips on Evidence, 475-480; *Wilson* v. *Betts,* 4 Denio, 201.

MORAN, KRAUS & MAYER, for appellee :

Where possession has accompanied a deed, that, of itself, furnishes sufficient evidence of its authenticity to entitle it to be read without further proof, if it be more than thirty years old. Possession is not, however, essential to admissibility. Other things equivalent to it, or explanatory matter clearly indicating ownership, may justify its admission. Greenleaf on Evidence, sec. 144; Wharton on Evidence, sec. 199; *Goodwin* v. *Jack,* 62 Me. 416; *Osborne* v. *Trines,* 25 N. J. L. 633; *Harlan* v. *Howard,* 79 Ky. 373; *Applegate* v. *Lexington,* 117 U. S. 255; *Caruthers* v. *Eldredge,* 12 Gratt. 670.

Where a vendee objects to the title, a tender of a deed which he declares he will not accept is unnecessary. *Webster* v. *French,* 11 Ill. 254; *Hampton* v. *Speckenagle,* 9 S. & R. 212; *Tierman* v. *Roland,* 15 Pa. St. 429; *Lyman* v. *Gedney,* 114 Ill. 388; *Gunter* v. *Daniel,* 4 Hare, 420.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is urged by appellant that no decree granting relief should have been rendered on the bill in this case, for the reason that it is the enforcement of a forfeiture in a court of equity. It is true that a court of equity will never, by its affirmative action or by the affirmative provisions of its decree, enforce a penalty or forfeiture, but will always leave the party entitled thereto to prosecute his claim in a court of law, according to legal rules. Compensation, and not forfeiture, is the doctrine of equity. While courts of equity, not less than courts of law, recognize the right of parties to a contract to stipulate for penalties and forfeitures, and while, on a proper showing, courts of equity will relieve against forfeitures, it is a rule of universal application that they will never enforce either a penalty or a forfeiture. (2 Story's Eq. 319; *Livingston* v. *Tompkins*, 4 Johns. Ch. 416; *Marshall* v. *Vicksburg*, 82 U. S. 149; *Vail* v. *Drexel*, 9 Ill. App. 439; *Homburg* v. *Baker*, 1 Pet. 232; *Smith* v. *Jewett*, 40 N. H. 530.) If, therefore, the decree of the circuit court, in its nature, enforces a penalty or forfeiture, it cannot be sustained.

The contract between these parties recites that "said purchaser has paid $1000 as earnest money, to be applied on said purchase when consummated," and should the vendor not comply with the terms in furnishing title, etc., "the said earnest money shall be refunded." By the terms of this contract the earnest money became the property of appellee, of which he could be divested only in the event of his failure to perform his contract. The check was, at the time it was drawn, delivered to appellee, and while it is true it was afterward deposited, together with the contract, with the International Bank, the evident purpose thereof was to guarantee that Hasterlik would, within the time prescribed, furnish evidence of a good title, in which event he would be entitled to the check or the money. Fry on Specific Perform-

ance, (3d ed.) 1460, says: "Where the purchaser, after making the payment by way of deposit, unjustifiably repudiates the contract, or in any other way goes off through his default, the vendor is, in the absence of stipulation on the point, entitled to retain the money, treating it as having been paid to him as a guaranty for the purchaser's performance of the contract." In *Depree* v. *Bedborough*, 4 Giff. 479, it was said in the opinion: "Then how the person who was in default can, upon that default and in consequence of that default, acquire any right to the money, which was parted with as a security that there should be no default, it is difficult to conceive." It is clear, from the contract, that the only contingency which contemplated the return of the money to Bucklen was a default on the part of Hasterlik. The latter is apparently not basing his claim to it on the ground of a forfeiture, but is claiming it under the contract, on the ground that he has furnished, within the time specified, "a complete abstract of title," which has not been "found materially defective."

This brings us, then, to a consideration of the objections which were made, as to defects existing in the abstract, by appellant. If the objections which were made in writing by Smoot were well taken, then the abstract was materially defective, and if not remedied within the time specified in the contract, then Hasterlik would not have performed his part of the contract and would not have been entitled to the $1000.

The first objection made to this title was, that certain deeds in the chain of title were insufficiently acknowledged, to-wit, one from Zaphna Lake and wife to Nathan C. Hills, dated March 22, 1843, one from Nathan C. Hills and wife to Isaac Loomis, dated July, 1843, and one from Isaac Loomis to John P. Emerson, dated February 2, 1846.

It is urged that the acknowledgments from Lake and wife to Hills, and from Loomis to Emerson, are defective, for the reason that they do not appear to have been

certified under the official seals of the notaries taking
the acknowledgments. In the abstract of the convey-
ance from Lake and wife to Hills the abstracter has the
following memorandum: "Certif. of acknt. by notary
public for said county, dated Oct. 7th," and is signed
"B. Randall, (L. S.) Notary Public." An abstract pur-
ports to be a copy or synopsis of facts shown by the
records, and it is contended that the letters "L. S.," fol-
lowing the name of the notary, do not indicate an offi-
cial seal. In *Illinois Central Railroad Co.* v. *Johnson*, 40 Ill.
35, it was contended that an appeal bond was defective
because the records showed a mere scrawl instead of a
*fac simile* of the seal. The court said: "Moreover, this
is a copy of the original bond, and the clerk could not
make a *fac simile* of the corporate seal or device which
might have been, and for aught that appears was, at-
tached to the original bond." In *Smith* v. *Butler*, 5 Fost.
(N. H.) 521, it was urged that a copy of the summons was
bad because of the use of the letters "L. S." instead of a
copy of the seal of the clerk. There the court said: "The
position in regard to the copy of the seal is also unten-
able. In copying a writ of summons the *fac simile* of the
seal cannot well be made, and to do it would require
more skill than pertains to the profession generally. By
long usage and the general understanding of legal writ-
ers, 'L. S.' is regarded as the true representation of a
seal in a copy of all legal precepts. * * * We have no
hesitancy in deciding that the letters are the proper des-
ignation and the copy of the seal." In addition thereto,
the law of the State of Ohio, where this acknowledgment
was taken, and in force at the time, provides: "Be it
enacted by the General Assembly of the State of Ohio,
that it shall not be necessary to the validity of any deed
or other instrument of writing hereafter to be executed,
that a seal be affixed to the certificate of the officer be-
fore whom the acknowledgment be taken, anything in

the act to which this is an amendment to the contrary notwithstanding." 24 Laws of Ohio, sec. 1, p. 4.

The objection to the admission of the statutes of Ohio was properly overruled, as by sections 10 and 11, chapter 51, Starr & Curtis' Statutes of Illinois, the admission of such evidence is authorized.

In substance the same objections are made to the acknowledgment of the deed from Loomis to Emerson, bearing date of 1846, and executed in Ohio. What has been said regarding the acknowledgment in the Lake-Hills deed is applicable here.

It is also urged that in a deed of conveyance made by Nathan C. Hills and wife to Isaac Loomis, dated July, 1843, and recorded November 8, 1843, the acknowledgment is defective, for the reason that it does not state that the grantors were personally known to the notary. It may be said of all these deeds to which objections were made by the counsel for appellant, that they have been on record in the recorder's office in Cook county for a period of forty or more years. The record in this case discloses that during that time transactions of great importance have been based on them, both in conveyances and loans of money made on the property. If these deeds were forgeries, it is most improbable that in property of such great value the fact would not have been discovered and some title hostile to the chain based on these deeds have been asserted.

It is insisted that appellee, not having actually tendered a deed to appellant, is not entitled to the earnest money. One of the preliminaries necessary to be performed by appellee before the execution or tendering of the deed was to tender to appellant a good title. It was not incumbent upon appellee, prior to the acceptance of this title, to make a tender of the deed to Bucklen for the property. We have found that the abstract was not materially defective, and a tender of the abstract conveying that title would not have bettered appellant's

position.   The rule is, that a tender is never required, nor is its omission ever prejudicial, where, from the circumstances, it is clear that such tender, if made, would have been refused.   The law does not require the performance of a mere idle act, or one which would be useless, and appellant had never, at any time, indicated that if the deed were tendered on this title he would accept it.   Where a vendee objects to a title, a tender of a deed which he declares he will not accept is unnecessary. *Hampton* v. *Speckenagle,* 9 S. & R. 212; *Tierman* v. *Roland,* 15 Pa. St. 429; *Lyman* v. *Gedney,* 114 Ill. 388; *Gunter* v. *Daniel,* 4 Hare, 420; *Webster* v. *French,* 11 Ill. 254; *Shepler* v. *Green,* 31 Pac. Rep. 42.

It is also insisted that appellee should have removed the incumbrance of $7000, which, by the terms of the contract, he was to do, before he is entitled to a standing in this court.   In the trial of this case in the circuit court, heard partly on oral testimony in open court, it was found that appellee had the means, was able, ready and willing, and offered forthwith, to discharge such incumbrance and have the same released and canceled, but that appellant, by his attorney and agent, waived and released cancellation of the same.   The Appellate Court has found the same facts.   We do not deem it necessary to say more than that we fully agree with the findings of both courts on this question.

As to the point raised by appellant, that he is not bound by the acts of his attorney and that his rights can not be affected thereby, it may be said that, in the first instance, the record discloses that the abstract of title was delivered by appellee to appellant himself, and by him delivered to Smoot, his attorney, for examination. Apparently the details of closing the transaction were left to the attorney.   Appellant does not, in any place in the record, deny Smoot's authority, nor indicate that notwithstanding Smoot's objections he was ready and willing to accept the title as it stood, and we hold, from

155—28

the facts existing in this record, that he is bound by the acts of his attorney.

The second objection made to the abstract, being the uncertainty of the description in the Carter conveyance, is not urged in this court.

As a further reason, in addition to what has been heretofore said, as to why the decree of the circuit court, affirmed by the Appellate Court, is correct, it appears from the record that after the making of this contract the property in question declined in value about ten per cent. The purchase price of this property was to have been $16,950. After the contract was executed between these parties the property was necessarily withdrawn from the market, and it was beyond the power of appellee to negotiate with other persons during the existence of this contract. Thus it may be said the amount which the property declined in value amounts to considerably more than the earnest money in dispute. As we have heretofore said, compensation is a principle of equity, and by this decree appellee is being only partly compensated for the real loss which he has sustained.

Perceiving no error in the decree of the circuit or Appellate Court the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*