(No. 14651.—Decree affirmed.)
Rose M. Labadie, Appellant, *vs.* Everett Morris *et al.*
Appellees.

*Opinion filed June 21, 1922.*

1. Building restrictions—*restrictive covenants are strictly construed.* Restrictive covenants as to real estate are to be strictly construed and all doubts are to be resolved in favor of the free use and enjoyment of property.

2. Same—*when a garage is not included in restriction against barns or stables.* Buildings not contemplated at the time of the drawing up of a building restriction are not included within it, and a restriction made in 1891 against the erection of a stable, barn or privy will not be held to include a garage.

3. Nuisances—*allegation that a garage is a nuisance must state facts—pleading.* Allegations in a bill to enjoin the erection of a garage as a nuisance, when stated as mere conclusions and without the allegation of specific facts showing wherein the building is a nuisance, are not admitted as true upon demurrer.

Appeal from the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding.

Albert E. Icely, and Jacob G. Grossberg, for appellant.

Julius H. Quasser, and Robert N. Erskine, for appellees.

Mr. Justice Carter delivered the opinion of the court:

A bill was filed by appellant in the circuit court of Cook county praying that an injunction be entered restraining appellees from constructing a garage on certain property in Oak Park, in said county. A demurrer was filed to this bill and sustained by the trial court and the bill was dismissed. From that decree an appeal was prayed to this court.

From the allegations of the bill it appears that appellant is the owner of a part of lot 12, in block 6, in a certain subdivision in Oak Park; that a former owner of said premises (Reynolds) conveyed the same in 1891 to the immedi-

ate grantor of appellant, the deed containing a covenant or condition stating, in substance, that no stable, barn or privy should be placed upon the front 125 feet of said lot; that the former owner, Reynolds, at the time he conveyed the premises by the deed containing said condition, owned certain other property immediately adjoining said premises, and conveyed the same at about the same time to other grantees by deeds containing similar covenants or conditions. The bill represents that it is filed on behalf of appellant and of all others similarly situated, and alleges that these restrictions were for the purpose of providing a uniform plan for the regulation of the kind of buildings that should be erected, to insure the class, grade or character of the residential neighborhood in which the lots were located; that appellee Morris is now the owner of one of such parcels of land so conveyed with said restrictions, and has begun and intends to complete the erection of a garage on the part of his land subject to the restrictions, which type of building was not in general use at the time the restrictions were made, but that a garage is a building of the same general type, kind and character as a stable or barn, the terms being substantially interchangeable and convertible, the only distinction being that the term "garage" is more usually intended as a place for housing automobiles or motor vehicles; that a garage comes under the meaning of the covenants or restrictions. The bill also alleges that appellee the Harper & Butendorf Co. is a building contractor and has entered into an agreement with Morris to construct the garage. The bill further alleges that the completion and maintenance of the garage will be a violation of the aforesaid covenants and a violation of the general plan or scheme for the residential character of the neighborhood to be maintained, and will depreciate the residential character of the neighborhood and the value of the appellant's real estate, and will constitute a nuisance, tending to obstruct light, air and ventilation.

The question here involved is whether the restriction against stables, barns and privies would include also garages, which are buildings of a kind not in use at the time the restrictions were made. It has long been the rule of this court that restrictive covenants as to real estate shall be strictly construed and that all doubts are to be resolved in favor of the free use and enjoyment of property; (*Eckhart* v. *Irons,* 128 Ill. 568; *Hutchinson* v. *Ulrich,* 145 id. 336;) and this has been the holding in all the decisions of this court since the cases just cited, including the late case of *Boylston* v. *Holmes,* 276 Ill. 279, where the court said (p. 285): "Restrictive covenants of a character which hamper the free use of property are to be strictly construed against the restriction and all doubts should be resolved in favor of the reasonable use of the property." Under a somewhat similar restrictive covenant the Supreme Court of Massachusetts, in *River Bank Improvement Co.* v. *Bancroft,* Ann. Cas. 1912B, 450, (209 Mass. 217,) held that a garage used for the owner's automobile was not a stable, the opinion discussing the various definitions for "stable" and "garage," and stating that in construing restrictions of this kind the words should be understood as commonly used at the time the restrictions were imposed, (in that case in 1899,) and that it was not understood at that time generally that garages were stables, for stables were then understood to be buildings used for domestic animals, like horses or cattle. The reasoning of that case has been approved by various authorities. (See Berry on Automobiles,—3d ed.— sec. 1262; Huddy on Automobiles,—6th ed.—sec. 194; 2 Pope's Legal Definitions, 1512; 18 Corpus Juris, 393; *Asbury* v. *Carroll,* 54 Pa. Sup. 98.) The highest court of New York does not appear to have passed on this identical question, but we think a majority of the holdings by intermediate courts of that State have been in accord with the conclusion of the Supreme Court of Massachusetts. See *Beckwith* v. *Pirung,* 119 N. Y. Sup. 444; *Goldstein* v. *Ro-*

*senberg,* 181 id. 559; *Goldstein* v. *Hirsh,* 178 id. 325; *Sullivan* v. *Sprung,* 156 id. 332.

At the time the restriction here in question was incorporated in the deed garages had not come into common use. It will be noticed that the restriction here in question was in specific terms, and was not coupled with any general words, such as "other buildings of like character," and therefore the rule of *ejusdem generis* could not be invoked as to the meaning of this restriction, whereas general words of that character were used in some of the cases cited and relied upon by counsel for appellant. In *Bourgeois* v. *Miller,* 89 N. J. Eq. 285, the court laid down the rule that "it is well settled that in cases where the right of a complainant to relief by the enforcement of a restrictive covenant is doubtful, 'to doubt is to deny,'" pointing out that the reasons for the rule were, first, because restrictions of the lawful uses of property are against common right; and second, because restrictions, in the framing of which a subsequent purchaser has had no voice, ought to be so clear that by the acceptance of the deed that declares them he may reasonably be deemed to have understood and acceded to them. The bill alleges that the restrictions in this deed and in other deeds to land in the vicinity indicated an intention of the grantor to have a uniform plan with reference to buildings, so that it would continue as a high-class residential neighborhood. It is obvious that under the restrictions in the deeds it was intended that no barns, stables or privies should be within the restricted area. Had the original grantor intended that other buildings of like character should be kept from the restricted area it would have been a very simple matter to have so specified by apt words in the restrictions, but this was not done. Common observation shows that in these days garages are erected on the same lots with high-class, expensive homes, both in cities and in the suburbs, and often closer to the owner's house than the garage here will be to appellant's residence.

The bill alleges that the building of this garage will be a nuisance and therefore ought to be restrained. As to what constitutes a nuisance, it has been said that "every case stands or falls upon its own merits, and if the special facts establish the nuisance it will be so held although never so held before, and if they do not clearly establish the nuisance, the action must fail although that particular use of the property has been held a nuisance in a thousand instances." (2 Wood on Nuisances, 812.) It is clear that under the authorities the allegations of the bill that the building will be a nuisance, stated as a mere conclusion and without the allegation of specific facts, would not require such allegation to be admitted as true on demurrer. Later-day conditions not coming within the limitation, according to the intent of the parties, cannot be included within it. Although some of the later dictionaries define a garage as a stable, it seems obvious that the parties who placed these restrictions in the deeds in question did not intend to make a stable include a place for keeping motor cars, and that no such use could have been in contemplation of the parties at the time the covenant was inserted in the deeds. (*Goldstein* v. *Hirsh, supra.*) In the bill before us there are no allegations of noise, odors or other unpleasant features that will arise from the use of a garage on the premises sought to be occupied, and nothing in the bill, beyond the mere conclusion of the pleader, to the effect that the garage will constitute a nuisance and an annoyance.

We are of the opinion that the right to relief, by virtue of the restrictive clause in question, as to the garage must be held at least to be doubtful, and therefore, under the authorities in this and other jurisdictions, the remedy must be denied.

The decree of the circuit court will be affirmed.

*Decree affirmed.*